UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LUCRE, INC.,

       Plaintiff,                                  Case No. 1:09-cv-902

v.                                                HON. JANET T. NEFF

QWEST COMMUNICATIONS
COMPANY, LLC,

       Defendant.
_____/


**OPINION**

       Plaintiff Lucre, Inc. (Lucre) commenced this action by filing a six-count complaint against Defendant Qwest Communications Co. (Qwest). Plaintiff's Complaint includes two equitable relief counts, two tariff counts, a claim of violation of Section 201 of the Communications Act, 47 U.S.C. § 201, and a request for Declaratory Judgment. Plaintiff seeks payment for "access charges" related to intrastate and interstate telephone access services it allegedly provided to Qwest customers. Qwest and Lucre are both telecommunications companies. Lucre is a Local Exchange Carrier (LEC),[1] and Qwest is an interexchange carrier (IXC).

       Currently pending is Defendant Qwest's motion (Dkt 16) to dismiss Counts I, II, V, and VI (all but the tariff claims) on the grounds that these claims are barred by the "filed rate doctrine." Qwest also seeks dismissal of Counts I, II, and V for failure to state a claim under Rule 12(b)(6). Qwest characterizes Lucre's claims for access fees as a "traffic pumping" case and describes this

---

[1] Lucre identifies itself more specifically as a Competitive Local Exchange Carrier (CLEC), but the distinction is not important for purposes of this disposition.

case as one of several involving free calling centers that have been filed in federal district courts, before the Federal Communications Commission (FCC), or with local public utility boards. In its motion, Qwest alleges that Lucre entered into business relationships with companies offering free calling services and that these business relationships are designed to profit by obtaining access fees from IXC's. These "switched access charges"[2] do not, according to Qwest, meet the requirement of the switched access tariffs. In addition to suggesting that the fees Lucre is seeking were billed under a "traffic pumping scheme," Qwest alleges that the business relationships with free calling services involve kickbacks. In the case before this Court, Qwest makes these arguments in its brief but acknowledges that these arguments concern the tariff claims, which Qwest alleges fail based on the facts and are thus not a subject of the motion (Def. Br., Dkt 17, at 2-4). Qwest has filed claims making similar allegations in other cases.

Indeed, more than a dozen similar cases are reportedly pending in federal courts and before the FCC and state utilities boards. Many of those filed in federal district courts have been stayed and the courts have referred specific issues, similar to those raised here, to the FCC. Moreover, the FCC recently raised the issue of "traffic pumping" when it launched a national plan for broadband communications in the Notice of Rulemaking and Proposed Rulemaking (FCC 11-13) issued Feb. 9, 2011. *See* 26 FCC Rcd. 4554. The FCC included LEC rates in the issues to be addressed in the proposed system overhaul. Explaining the need for change, the FCC states that regulations allow some local carriers to artificially inflate traffic volume, which is called "access stimulation" or "traffic pumping." *Id.* at ¶ 7. Addressing intercarrier compensation in detail (*id.* at ¶¶ 494-508),

---

[2]"'Switched access charges"'are payments long distance carriers pay local carriers for delivery of calls over wires owned by the local carrier" (Def. Br. at 3).

the FCC concluded that pressure is mounting to address regulatory arbitrage, including "access stimulation where carriers seek to inflate intercarrier revenues." *Id.* at ¶ 507. The FCC then set out proposed Rules to Reduce Access Stimulation and invites comment. *Id.* at ¶¶ 635-66.

In the past two years, federal district courts have issued opinions in several disputes between IXC's (including Qwest) and LEC's, like Lucre, that involve the issues of alleged non-payment and access charges similar to those raised in Lucre's Complaint and Qwest's motion to dismiss. In most of these cases, the district court entered a stay and referred specific issues or simply referred the parties to the FCC. *See Tekstar Commc'ns, Inc. v. Sprint Commc'ns Co. L.P.*, No. 08-1130, 2009 WL 2155930 (D. Minn. July 15, 2009); *Qwest Commc'ns Co. LLC v. Tekstar Commc'ns, Inc.*, No. 10-490, 2010 WL 2772442 (D. Minn. July 12, 2010); *Splitrock Props., Inc. v. Qwest Commc'ns Corp.*, No. 08-4172-KES, 2010 WL 2867126 (D. S.D. July 20, 2010); *Splitrock Props., Inc. v. Sprint Commc'ns Co. Ltd. P'ship*, No. 09-4075-KES, 2010 WL 1329634 (D. S.D. Mar. 30, 2010); *Sancom, Inc. v. Sprint Commc'ns Co. Ltd. P'ship*, No. 07-4107-KES, 2010 WL 936718 (D. S.D. Mar. 15, 2010); *N. Valley Commc'ns, LLC v. Sprint Commc'ns Co. Ltd. P'ship,* No. 08-1003-KES, 2010 WL 936723 (D. S.D., Mar. 15, 2010); *Sancom, Inc. v. Qwest Commc'ns Corp.*, No. 07-4147-KES, 2010 WL 960005 (D. S.D. Mar. 12, 2010); *Sancom, Inc. v. AT&T Corp.,* 696 F. Supp. 2d 1030 (D. S.D. 2010); *All Am. Tele. Co., Inc. v. AT&T Corp.,* No. 07 Civ. 861, 2010 U.S. Dist. LEXIS 30065 (S.D.N.Y. Jan. 19, 2010); *Bluegrass Tel. Co., Inc. v. Qwest Commc'ns Co., LLC,* No. 4:09-CV-70-M, 2010 WL 1257727 (W.D. Ky. Mar. 26, 2010); and *XO Commc'ns Servs., Inc. v. AT&T Corp.,* No. 10-5683, 2010 U.S. Dist. LEXIS 134424 (D. N.J. Dec. 20, 2010). *But see N. Cnty. Commc'ns Corp. v. Verizon Global Networks, Inc.*, No. 08-CV-1518, 2011 WL 181736 (S.D. Cal. Jan. 19, 2011).

A stay is warranted in the instant case.  The primary jurisdiction doctrine, under which the stays cited above were granted, "allows courts to refer a matter to the relevant agency 'whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body[.]'"  *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 466 (6th Cir. 2010) (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63-64 (1956).  Referral is appropriate to advance regulatory uniformity and obtain the benefit of the agency's technical or policy expertise.  *Id.*  As the court noted in *Splitrock v. Qwest*, 2010 WL 2867126 at *4, the primary jurisdiction doctrine should be applied when the reasons for the doctrine are present even if the parties do not raise the issue.  The court explained: "'the doctrine exists for the proper distribution of power between judicial and administrative bodies and not for the convenience of the parties.'"  *Id.* (quoting *Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir. 1988)).

On the basis of the primary jurisdiction doctrine, the need for FCC expertise on these issues, and the substantial risk of inconsistent rulings, this Court will issue a stay to afford the FCC the opportunity to resolve the issues referred to it by the courts in several of the cases cited above, particularly the issues referred by *Tekstar v. Sprint, Splitrock v. Qwest*, and *All Am. Tele. Co. v. AT&T, supra,* which are substantially similar to the questions presented in the instant case.

Defendant's Motion to Dismiss Counts I, II, V, and VI (Dkt 16) is denied without prejudice as premature.  *See Tekstar v. Sprint*, 2009 WL 2155930 at *3 (decision on motion to dismiss based on "filed rate doctrine" premature in absence of clarity on classification and regulatory treatment of services); *All Am. Tele. Co., Inc. v. AT&T Corp.,* 07 Civ. 861, 2009 U.S. Dist. LEXIS 26034,  at

*7 (S.D.N.Y. Mar. 16, 2009) (reversing dismissal under "filed rate doctrine" of LEC's common law claims).

This case will be administratively closed until such time as the FCC rules on or otherwise resolves the pending issues referenced above and may be reopened at that time by motion of either party.  The Court will enter an Order consistent with this Opinion.


DATED: July 11, 2011                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge